NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ROBERT S. GETTINGER, ESQ. and : Civ. Action No. 07-3015
RUTH MADOFF, :
:
          Plaintiffs, : **OPINION**
:
   v. :
:
MAGNETIC SERVICES, INC. and :
DR. MARK BERGER, :
: October 6, 2008
          Defendants. :
_____:

**Wigenton**, District Judge.

    Before the Court is Defendants', Magnetic Services, Inc. and Dr. Mark Berger, (collectively "Defendants" or "General Partner") motion for summary judgment ("Motion") as to the breach of contract claim filed by Plaintiffs, Robert S. Gettinger, Esq. and Ruth Madoff (collectively "Plaintiffs" or "Limited Partners"). Also before this Court is Plaintiffs' motion for partial summary judgment as to breach of contract. The Court has diversity-jurisdiction pursuant to 28 U.S.C. § 1332. The Court, having considered the parties' submissions, decides this matter without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court denies both the Plaintiffs' and the Defendants' motions for summary judgment.

**Factual Background**

    Plaintiffs, Robert S. Gettinger, Esq. and Ruth Madoff, are both individuals residing in the State of New York. (Flynn Cert., Ex.1). Defendant, Magnetic Services,

Inc, is a New Jersey Corporation, and maintains a principal place of business at 2 Hudson Place, first floor, Hoboken, New Jersey. *Id*. Defendant, Dr. Mark Berger ("Dr. Berger") is an individual residing in the State of New Jersey and is the President of Defendant Magnetic Services.

The instant action arises out of a Partnership Agreement, executed on April 27, 1993, between the parties, through which the Plaintiffs were Limited Partners and Defendant Magnetic Services, was the General Partner. The purpose of the Partnership was to: (a) acquire a lease hold interest in 2 Hudson Place, Hoboken, New Jersey 07030; (b) acquire a Magnetic Resonance Imaging ("MRI") machine; (c) operate a center where physicians can perform Magnetic Imaging and allied services; and (d) to have and exercise all the powers and to engage in any lawful business related or incidental thereto. (Flynn Cert., Ex. 2, §2.03).

Section 2.06 of the Partnership Agreement specifies that the Partnership shall dissolve on June 30, 2005. (Flynn Cert., Ex. 2, §2.06). Section 9.01(b) of the Partnership Agreement, however, states that the Partnership shall not terminate until the assets of the Partnership have been distributed to the Limited Partners. (Flynn Cert., Ex. 2, §9.01(b)). The Partnership Agreement is silent as to "goodwill".

Plaintiffs allege that the Partnership did not terminate on June 30, 2005, because the General Partner did not distribute all of the Partnership assets pursuant to the Partnership Agreement; specifically, a "goodwill" distribution never occurred. Defendants, on the other hand, allege that the Partnership terminated on June 30, 2005 and that "goodwill" is not a Partnership asset.

On June 29, 2007 the Plaintiffs filed an eight-count Complaint against the Defendants alleging the following: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) conversion, (5) unjust enrichment, (6) accounting, (7) constructive trust, and (8) removal of general partner. (*See* Compl.)

On June 30, 2008 Defendants filed a Motion for Summary Judgment alleging that there is no obligation under the Partnership Agreement to maintain or make disbursements for goodwill and that the Plaintiff's claim against Defendant Berger for unjust enrichment should be dismissed because he is not a party to the Partnership agreement.

On that same date, Plaintiffs filed a Motion for Partial Summary Judgment, seeking a determination that defendant's failure to distribute funds relative to goodwill breached the Partnership Agreement. Thus, the Partnership Agreement did not terminate on June 30, 2005 and the plaintiffs are entitled to their share of the profits retained by Magnetic Services from July 1, 2005 until the present.

**Legal Standard**

*Summary Judgment*

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,*

3

*477 U.S. 242, 248(1986).* The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Sheilds v. Zuccarini*, 254 F.3d 476, 481 (3rd Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc*., 501 U.S. 496, 520 (1991).

The parties have raised several issues as to whether "goodwill" is an asset of the Partnership. These summary judgment motions are denied because genuine issues of material fact remain.

*Goodwill*

The United States Supreme Court has described "goodwill" as "the expectancy of continued patronage." *Newark Morning Ledger Co. v. United States*, 507 U.S. 546, 555-56 (1993). It is an accounting of the "summation of all special advantages, not otherwise identifiable, related to a going concern." *Dugan v. Dugan*, 92 N.J. 423, 430 (1983). "In determining the value of goodwill, there is no specific rule and each case must be considered and decided in light of its own particular facts." *Norwalk v. Commissioner of Internal Revenue*, 1998 Tax Ct Memo Lexis 281.

**Discussion**

Both parties agree that the Partnership Agreement in question was to terminate on June 30, 2005, so long as all Partnership assets were distributed to the Limited Partners. (*See* Plaintiffs' and Defendants' Briefs). The parties dispute, however, whether goodwill existed as a distributable asset.

"Upon dissolution of a Partnership goodwill has been recognized as an element in determining value for purposes of liquidation. *Dugan*, 92 N.J. at 430 (citing *Blut v. Katz,* 13 N.J. 374 (1953). Goodwill consists of several elements including:

> the right to continue the business at the same place in which it has been established and where its reputation has been made, carting with it the probability that old customers will continue to resort to the old place for the purpose of making their purchases, notwithstanding the change of a name under which the business has been carried on, so long as the service remains satisfactory and the standards of the goods sold is maintained…[.]

*Id.*

In the case at bar, the Partnership has been operating for ten years. (*See* Compl.) The Partnership sold all its assets to the General Partner. The General Partner acquired the leasehold interest in 2 Hudson Place, Hoboken, New Jersey, purchased the MRI machine, and continues the Partnership's concern by operating a center for physicians to perform magnetic imaging and related services. The General Partner continues to engage in lawful businesses related or incidental thereto and continues to provide the aforementioned services to the Partnership's only client of ten years, Hoboken MRI, P.A. The assets, which the General Partner purchased are the same assets and concerns of the Partnership, in other works, the purpose of the Partnership was to: a) acquire a leasehold

5

hold interest in 2 Hudson Place, Hoboken, New Jersey; b) to acquire a Magnetic Resonance Imaging machine; c) operate a center where physicians can perform magnetic imaging and allied services; and d) to have and exercise all the powers and to engage in any lawful business related or incidental thereto. (Flynn Cert., Ex. 2, § 2.03) The General Partner provides the same services as the Partnership, at the same location, 2 Hudson Place, to the same customer, Hoboken MRI, P.A., which the *Dugan* Court found to be elements of goodwill. *Dugan*, 92 N.J. at 430.  Given the particular facts of this case a reasonable jury could find that the General Partner "expect[ed the] continued patronage" of Hoboken MRI, P.A.  *Newark Morning Ledger Co. v. United States*, 507 U.S. 546, 555-56 (1993). Alternatively, a reasonable jury could find that no goodwill exists, or that the Partnership's goodwill is valueless because the Partnership Agreement does not stipulate that goodwill is an asset of the Partnership.

Also, the Court cannot address the claims against Dr. Bergen in his individual capacity until there is a factual determination of whether goodwill exists. If a jury finds that no goodwill exists, then logically Dr. Bergen could not have been unjustly enriched. However, if a jury finds that goodwill exists, then a jury could reasonably find that Dr. Berger was unjustly enriched.

Further, the Court need not reach the parties other arguments in light of the denial of summary judgment on the issue of "goodwill".

**Conclusion**

For the foregoing reasons, both Plaintiffs' and Defendants' Motions for Summary Judgment are denied.

                s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc:  Judge Arleo
    Parties